S. Spencer *v.* C. S. Bartow and F. T. Lenehan.

## SUPREME COURT—IN BANCO.

### JULY TERM—1876.

*Harris and Judd, J. J.*

STEPHEN SPENCER *vs.* C. S. BARTOW AND F. T. LENEHAN, ASSIGNEES OF M. T. DONNELL, A BANKRUPT.

THE mortgage of incoming stock or personal property other than goods which can be shown to have been bought and paid for with moneys arising from the sale of property actually or potentially in possession at the date of the mortgage, is void as against creditors and assignees.

Submission to the Court on an agreed statement of facts.

OPINION BY JUDD, J.

The plaintiff claims the sum of $1531.00 from the proceeds of certain goods and chattels of the defendant's bankrupt, sold by them as his assignees.

S. Spencer *v.* C. S. Bartow and F. T. Lenehan.

The plaintiff claims as mortgagee under a chattel mort-gage dated May 6th, 1872, duly recorded, of the following described property, viz: "One hearse, one express wagon, one pair of horses and one set of double harness, also all the furniture of every description, and all cabinet maker's tools now in my warehouse and shop No. 88 King street, or that may hereafter come into the said warehouse and shop No. 88 King street."

The statements of facts shows that none of the goods and chattels which came into the defendant's possession, and which they sold as the mortgagor's assignees in bankruptcy, were in the possession of the mortgagor at the time the mortgage was executed, but were acquired by him subse-quently, and that none of the said goods were purchased with the proceeds of the goods included in the mortgage or exchanged therefor, except one buggy which was exchanged for a set of furniture which was in the possession of the said Donnell at the time of the execution of the mortgage.

The question presented is whether a mortgage of "furni-ture and cabinet makers tools that may hereafter come into my warehouse and shop," &c., is valid as against the mort-gagor's assignees. Hilliard says, "as a general rule, an assignment will not at law pass chattels not in existance, or not in the ownership of the grantor, or not sufficiently appro-priated at the time of the assignment, may have effect by a subsequent act of the grantor in furtherance of the original disposition." 2 Hill, mtges., p. 336. In Jones *vs.* Richard-son 10, Met. 488, it is said: "That a person cannot grant or mortgage, property, of which he is not possessed, and to which he has no title is a maxim of the law too plain to need illustration and which is fully supported by all the au-thorities.

"It is true that a person may grant personal property of which he is potentially though not actually possessed. A man may therefore grant all the wool that shall grow on the sheep, which he owns at the time of the grant, but not the

S. Spencer *v.* C. S. Bartow and F. T. Lenehan.

wool which shall grow on sheep not his, but which he after-
wards may buy."

See also—Charley *vs.* Joslyn, 7 Gray, 589.   Barnard *vs.*
Eaton, 2 Cush., 294.   Moody *vs.* Wright, 13 Met., 31.

In the case of Hardy *vs.* Ruggles et al., 1 Hawaiian Rep.
p. 231, Judge Robertson said: "The most objectionable
feature in the mortgage and one upon which I have reflected
deeply is the clause which includes in the transfer 'all the
incoming stock in trade of every kind and character what-
ever.' I am of the opinion, that so far as this provision was
intended to apply to any incoming stock, other than goods
which can be shown to have been bought and paid for with
monies arising from the sale of the stock in the store at the
time the mortgage was executed, such provision must be
regarded as void so far as third parties are concerned."

This mortgage then of goods which Donnell did not own
when the mortgage was made and which were not in his
possession, is void as against his creditors and also as against
his assignees in bankruptcy who represent them.

The point made by the plaintiff that he took possession of
these goods on the day of the bankrupt's failure, but before
the attachment by the Marshal, cannot avail him any, for it
would be trespass for him to take goods which were not
covered by his mortgage.

As regards the buggy; it is admitted that it was received
by Donnell in exchange for a set of furniture which was in
his possession at the time the mortgage was executed and
covered by it.

Without discussing other authorities, it seems to us that it
falls within the principle of Hardy *vs.* Ruggles above cited,
that is, it is the "fruit, and springs naturally out of the
chattels enumerated in the mortgage" being "goods pur-
chased and paid for with the proceeds of the original goods,"
for the buggy was substituted for the set of furniture, and
that would be no different from selling the furniture and

with the proceeds purchasing the buggy. Judgment for plaintiff for $162.50. Costs divided.

Cecil Brown for plaintiff.

E. T. O'Halloran for defendants.

Honolulu, August 8th, 1876.